## WILLIAM T. ANDREWS vs. SOPHIA BISHOP & others.

If a testator who has taken a conveyance of land subject to a mortgage does not in his will indicate an intention to charge the mortgage debt upon his personal estate, the land will be treated as the primary fund for the payment thereof.

An unmarried childless testator, of considerable property, for whom a widow and her daughter, whose united property never exceeded $1300, had for many years kept house in Boston, provided for them in his will, by giving the house and land occupied by him and them, and bank shares of the par value of $5600 in trust, to permit the widow to occupy and have the use and benefit of the house during her life, she paying the taxes, and "to hold and manage the whole of the said property as a trust fund, subject to her right to occupy the house," and to "collect and pay over to her the net income thereof semi-annually during her life, and, upon her decease, to convey and deliver the said real and personal estate and trust fund to the daughter, discharged of all trusts;" and by directing his executor to pay a sum for which the bank shares were pledged. The house and land were subject to a mortgage for $5600, which existed at the time of his purchase of the premises, and formed a part of the consideration thereof. *Held*, that the mortgage debt should be charged upon his personal estate.

BILL IN EQUITY, in the nature of a bill of interpleader, filed by the executor of the will of Thomas Wetmore, to obtain the

on divers other days between that day and a subsequent day named. *Commonwealth* v. *Elwell*, 1 Gray, 463. This method was adopted in the present case; the last day named being the day of the preferment of the complaint. But the defendant contends that the addition of the words " and is " changes the character of the averment, and makes the day of the termination of the offence uncertain. It is a sufficient answer to this objection to say that, as the complaint contains a charge of the offence as committed between two days expressly named, and avers that the defendant was then an idle and disorderly person, the words " and is " may be rejected as surplusage. They no more detract from or alter the effect of the previous exact and specific charge than if the words added were " and intends to be." Nothing could be given in evidence under them, for want of sufficient accuracy of description; but they leave the precision of what goes before unimpaired. Thus it has been held that where an offence, which could be properly laid with a *continuando*, was charged as having been committed on a day named, and " on divers days since," the latter part of the averment was not sufficiently precise; but that the evidence of the commission of the offence on the day named was admissible. *Commonwealth* v. *Gardner*, 7 Gray, 494.

2. The other exception taken was to the refusal of the court to give a more precise and accurate definition of what would constitute " habitually misspending time by frequenting tippling shops," &c. We think the instructions given were sufficient. If the defendant, being under a necessity to work for the support of himself or persons dependent upon him, being able and having opportunities to work, neglected all lawful business, and habitually frequented such places as those named in the complaint, he was certainly an idle and disorderly person within the meaning of the statute. If he " frequented " such places, it implied numerous visits; and if his misconduct was " habitual," the word itself, without further explanation, was sufficiently intelligible. *Exceptions overruled.*